UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:                                                                    Case No. 9:13-bk-03672-FMD
                                                                          Chapter 13

GLEN HERBERT ERIC SCHIEGNER

_____/

**ORDER ALLOWING AND DISALLOWING
CLAIMS AND ORDERING DISBURSEMENTS**

THIS MATTER came on for consideration following the entry of an Order Confirming Plan, for reason of allowing and disallowing claims filed in this case and ordering disbursements from the Plan payments received by the Chapter 13 Standing Trustee. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. That the secured claims as set forth upon the attached Exhibit "A", and those unsecured claims as set forth upon the attached Exhibit "B", be and they are hereby allowed.

2. The priority claims as set forth upon Exhibit "C" are hereby allowed.

3. Those claims as set forth upon Exhibit "D" are hereby allowed, however, the Trustee shall not make distribution upon such claims.

4. Those claims as set forth upon Exhibit "E" are hereby allowed, however, the Trustee shall make distribution upon such claim only to the extent of the arrearages dealt with under the Plan as indicated upon such exhibit.

5. Those duplicate claims as set forth upon Exhibit "F" are hereby disallowed.

6. Those claims which were filed after the bar date for filing claims as set forth upon Exhibit "G" are hereby disallowed and shall not receive any distributions from the Chapter 13 Trustee.

7. That disbursements shall commence and be made by the Trustee as soon as monies therefore become available, and at as regular intervals as possible, and such disbursements shall be made in the following order, amounts and for the purposes indicated:

(a) The Trustee, for his compensation and actual necessary expenses, the percentage fee amount as fixed in the Orders by the Director of the Executive Office for United States Trustees of payments actually made under the Plan.

(b) Creditors, secured, priority and unsecured, in accordance with the confirmed Plan as amended by the Order Confirming Plan.

8. That the Trustee shall before the expiration of twelve (12) months from the date of this Order, and not less frequently than every twelve (12) months thereafter, file his report herein showing funds received and disbursed, and to whom, during each reporting period, and the balance-on-hand, and upon conclusion of the proceeding a final report with the like showings for the entire period of administration. Such report shall be in addition to the Trustee's obligations to furnish reports to the Clerk of this Court pursuant to the Judicial Conferences Guidelines for Chapter 13 Administration.

9. The Court reserves jurisdiction to vacate, alter, or amend the foregoing orders upon such notice and after such hearing as the Court may prescribe.

10. Leave is hereby granted to any interested party to file a motion for reconsideration of this Order within thirty (30) days of the date hereof.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on February 05, 2014.

Caryl E. Delano
United States Bankruptcy Judge

The Chapter 13 Trustee, Jon M. Waage, is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.

JMW/bd                                                                                                       C13T

Case Number: 9:13-bk-03672-FMD

**EXHIBIT "A"**
**ALLOWED SECURED CLAIMS RECEIVING DISTRIBUTION**

NONE

**EXHIBIT "B"**
**ALLOWED UNSECURED CLAIMS RECEIVING DISTRIBUTION**

| | | |
|---|---|---|
| No. 2 | TD BANK USA NA | $ 870.22 |
| No. 3 | QUANTUM3 GROUP LLC/SEARS | $ 5,169.25 |
| No. 4 | JEFFERSON CAPITAL/CARE CREDIT VET | $ 289.65 |
| No. 5 | PORTFOLIO RECOVERY/LOWES | $ 3,394.24 |

**EXHIBIT "C"**
**ALLOWED CLAIMS HAVING PRIORITY AND ATTORNEYS' FEES**

NONE

**EXHIBIT "D"**
**CLAIMS ARE ALLOWED, BUT SHALL NOT RECEIVE ANY PAYMENT FROM THE CHAPTER 13 TRUSTEE UNDER THE CONFIRMED PLAN**

No. 1-1   U.S. TREASURY – Amended by Claim No. 1-2*.
No. 6     QUICKEN LOANS INC.
No. 7**   CAPITAL ONE NA
No. 8**   SUNCOAST SCHOOLS FCU

\* No amount due per Amended Proof of Claim.
\*\* See Exhibit "A" of the Corrective Order Confirming Plan.

| **EXHIBIT "E"** | | |
|---|---|---|
| **ALLOWED CLAIMS RECEIVING** | **PROOF OF** | **ALLOWED** |
| **PARTIAL DISTRIBUTION** | **CLAIM AMOUNT** | **ARREARAGE AMOUNT** |

NONE

**EXHIBIT "F"**
**DISALLOWED DUPLICATE CLAIMS**

NONE

| **EXHIBIT "G"** | **FILING** | **ACTUAL** |
|---|---|---|
| **DISALLOWED LATE CLAIMS** | **EXPIRATION DATE** | **DATE FILED** |

NONE

**ESTIMATED TOTAL LENGTH OF PLAN AT THIS TIME:  17  MONTHS. CERTAIN ADJUSTMENTS TO CLAIMS MAY OCCUR DURING THE LIFE OF THE PLAN THAT COULD AFFECT THE PAYMENT AMOUNTS AND/OR LENGTH OF PLAN.**